**In re Mark W. LEONARD, Debtor.**

**Bankruptcy No. 88–02756–S05.**

United States Bankruptcy Court,
E.D. North Carolina.

Jan. 13, 1989.

Douglas Q. Wickham, Raleigh, N.C., for debtor.

Robert A. Ponton, Jr., Raleigh, N.C., for Donald E. Axberg and David B. Loge.

### MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are a motion to lift the stay and a motion for the appointment of a trustee filed by Donald E. Axberg and David B. Loge, and a motion for a custodian to turnover property and a motion for the use of cash collateral filed by the debtor, Mark W. Leonard. A hearing was held in Raleigh, North Carolina, on January 9, 1989.

## FACTS

Mark W. Leonard, a financial planner and marketing representative, filed a voluntary petition under chapter 11 of the Bankruptcy Code on November 29, 1988. Since the filing the debtor has been a debtor in possession.

Donald E. Axberg and David B. Loge obtained a judgment for fraud against Mr. Leonard in the United States District Court for the Eastern District of North Carolina, Case Number 86–252–CIV–5, in the amount of $400,000 ($300,000 compensatory damages and $100,000 punitive damages) plus interest. A charging order was entered by the district court which subjected the debtor's interests in various partnerships to a lien in favor of Mr. Axberg and Mr. Loge and which appointed a receiver, W. Sidney Aldridge, to administer the partnership funds. The judgment has been recorded in Wake County, North Carolina, and in Cobb County, Georgia, and the judgment is secured by the debtor's real property in those two locations.

At issue here is $64,000 held by the receiver which is the debtor's share of sale proceeds of Cobb County real property held by the debtor and others as tenants in common. The debtor's petition was filed before the receiver could transmit the funds to Mr. Axberg and Mr. Loge.

The debtor contends that he needs the $64,000 to pay his personal (Debtor's Exhibit # 3) and business (Debtor's Exhibit # 2) expenses and that the value of his partnership interests which secures the judgment provides adequate protection for the interests of Mr. Axberg and Mr. Loge.

The movants contend that the $64,000 is not property of the debtor's estate, but that if it is, their interests are not adequately protected and that the stay should therefore be lifted so that the receiver can deliver the $64,000 to them.

### Property of the Estate—The $64,000 Question

█ Mr. Axberg and Mr. Loge argue that the $64,000 is not property of the estate because the debtor no longer has any interest in the property. Mr. Axberg and Mr. Loge maintain that they had a lien directly on the real property that was sold and that they released the lien to facilitate the sale. The court agrees that Mr. Axberg and Mr. Loge had a lien on the real property owned by the debtor and others as tenants in common, but the fact remains that the proceeds were not paid to Mr. Axberg and Mr. Loge. They were paid to the receiver.

The receiver is a "custodian" as defined in 11 U.S.C. § 101(10) and the funds in his possession, although subject to the judgment lien of Mr. Axberg and Mr. Loge, are still property of the estate.

### Adequate Protection

█ The court finds that the interest of Mr. Axberg and Mr. Loge in the $64,000 now held by the receiver will not be adequately protected if the $64,000 is delivered to the debtor.

The debtor proposes to use the funds to pay living and business expenses. The debtor's new business is being marketing representative for A.M.C., Inc., a company which buys nonperforming assets which it pays for with equivalent credits which can be used by the seller to obtain discounts on various services. When A.M.C., Inc. sells a property it has acquired, a 15% commission is paid to the marketing representative who handled the transaction. Mr. Leonard projects that his business expenses for this venture will average $6,000 a month, but he has no way of projecting how much income he will receive or when he will receive it.

The debtor's personal expenses for 1989 are projected to be $119,868 and include such things as monthly house mortgage payments of $2,192, monthly mortgage payments on beach property of $665, monthly automobile (1987 Cadillac) payments of $436, monthly household expenses of $1,800, and a $20,000 payment for the year for 1988 taxes.

The adequate protection which the debtor says will protect Mr. Axberg and Mr. Loge is the income which Mr. Leonard will earn from A.M.C., Inc. and the value of Mr. Leonard's partnership interests. The prospective income from A.M.C., Inc., how-

ever, is too speculative to provide any protection. It is a new business for the debtor, and there are no assurances that he will ever earn a commission. The court also finds that the value of the debtor's interests in the various partnerships which are subject to the charging order is zero. That finding is based on the testimony of the debtor's own witness, Mr. Barnes. If the value of the partnerships' projects appreciates, the partnerships may some day have some value. On the other hand, they may never have any value. Adequate protection cannot be grounded on such an ephemeral prospect.

## DISCUSSION AND CONCLUSIONS

Mr. Leonard is asking this court to allow him to use $64,000 which secures Mr. Axberg's and Mr. Loge's judgment to fund a highly speculative business venture, to pay generous living expenses, and to satisfy a 1988 tax claim. The protection he offers Mr. Axberg and Mr. Loge is the remote chance that his new business will succeed and the dubious possibility that someday, through a combination of inflation and high interest rates, his valueless partnership interests may have some worth. It is understandable that Mr. Axberg and Mr. Loge, whose judgment against Mr. Leonard is based on the debtor's fraudulent conduct, have rejected Mr. Leonard's offer. The court rejects it as well.

If a debtor in possession is to be allowed to use cash collateral over the objection of the holder of the security interest in the cash, the debtor must show that the creditor's interest in the collateral is adequately protected. *In re C.F. Simonin's Sons, Inc.*, 28 B.R. 707 (Bankr.E.D.N.C.1983). There is no adequate protection in this case for Mr. Axberg and Mr. Loge and the debtor's motions for turnover and to use cash collateral shall be denied. For the same reason, the motion to lift the stay is granted to permit the receiver to pay the $64,000 to Mr. Axberg and Mr. Loge and for them to apply the proceeds to their judgment.

The motion to appoint a trustee will be continued for approximately thirty (30) days to give the Bankruptcy Administrator

an opportunity to investigate the debtor's affairs and to make a recommendation concerning the motion.

SO ORDERED.